**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**CONDADO RESTAURANT GROUP INC and RESTAURANT ASSOCIATES OF PUERTO RICO INC**<br><br><br><br>**Debtor(s)** | **CASE NO.  16-01329 BKT**<br><br>**Chapter  11**<br><br><br>**Adversary No.  17-00050** |
| **CONDADO RESTAURANT GROUP INC and RESTAURANT ASSOCIATES OF PUERTO RICO INC**<br><br>**Plaintiff**<br>**vs.**<br><br>**UNITED STATES INTERNAL REVENUE SERVICE**<br><br>**Defendant(s)** | <br><br><br><br><br><span style="color:red">**FILED & ENTERED ON 06/07/2017**</span> |

## **OPINION & ORDER**

Before this Court is the *United States' Motion to Dismiss* [Dkt. No. 14] filed by the United States Internal Revenue Service ("Defendant" or "IRS"), an *Opposition to United States' Motion to Dismiss* [Dkt. No. 25] filed by Debtors, Condado Restaurant Group, Inc. and Restaurant Associates

of Puerto Rico, Inc. (collectively "Plaintiffs" or "Condado"), and *United States' Reply* [Dkt. No. 29] filed by Defendant. For the reasons set forth below, Defendant's *United States' Motion to Dismiss* is GRANTED.

### I. Factual Background

On February 20, 2017, Plaintiffs filed a complaint seeking to extend the automatic stay of the related bankruptcy case to its non-debtor principals - its president, vice president, chefs and general manager ("Principals") [Dkt. No. 1]. Condado contends that the IRS assessed Trust Fund Recovery Penalties ("TFRP") against the Principals, and wishes to enjoin the IRS from collecting such taxes [Dkt. No. 1]. That same day, Plaintiffs filed an application for a temporary restraining order and injunctive relief [Dkt. No. 2].

On February 23, 2017, this court *sua sponte* denied Plaintiff's request for a temporary restraining order, and ordered the United States to respond to Plaintiffs' requests for injunctive relief by noon on February 28, 2017 [Dkt. No. 8]. On February 28, 2017, Defendant filed its motion to dismiss [Dkt. No. 14] alleging that this court lacked personal jurisdiction over the United States, because the United States was not properly served, and that the bankruptcy court was barred by the Anti-Injunction Act ("Act") to grant the relief sought by Plaintiffs pursuant to 26 U.S.C. § 7421.

By its Order entered on March 1, 2017 [Dkt. No. 20] the court held that "Plaintiffs have provided sufficient evidence that no malformity in service or process to the United States existed" thus resolving the court's jurisdiction over Defendant. In said Order the court also held that

"Plaintiffs have not addressed the merits of Defendant's argument [regarding the matter of the Anti-Injunction Act, 26 U.S.C. § 7421], which if valid, would prohibit this court from granting the relief requested in the verified complaint."

On March 30, 2017, Plaintiffs filed an opposition to Defendant's motion to dismiss [Dkt. No. 25] where they contend that this action is not barred by the Act because the exemptions to the Act apply. They state: (1) that they will suffer irreparable harm if the IRS is not enjoined and that they are likely to succeed on the merits, and (2) the non-debtor Principals have no alternative means to challenge the tax.

Finally, on May 5, 2017, Defendant filed a reply to Plaintiff's opposition [Dkt. No. 29]. In its response, Defendant alleges that the Act bars this court from granting the relief requested, and that the statutory exemptions to the Act are inapplicable because (1) Plaintiffs have not demonstrated that they will suffer irreparable harm and a certainty of success on the merits, and (2) Plaintiffs do have alternative means of challenging the tax.

## II.      Standard of Review & Analysis

The United States argues that Internal Revenue Code § 7421 is an absolute bar to the granting of Plaintiff's request for injunctive relief. The so-called "Anti-Injunction Act" provides in pertinent part that:

> "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

26 U.S.C. § 7421.

The Plaintiffs contend that section § 105(a) of the Bankruptcy Code, which permits a bankruptcy judge to issue "any order, or judgment that is necessary or appropriate to carry out the provisions of this title," empowers the bankruptcy court to enjoin the IRS from collecting a tax penalty from the Debtors' Principals, and that this statute takes precedence over and overrides the Act. Faced with the issue of which statute prevails, the Circuits have split on whether a bankruptcy court may enjoin the IRS' collection efforts.

A number of courts have held that the Act does not bar the bankruptcy court from restraining the IRS from collecting taxes from a non-debtor principal where such an order is necessary "to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner and fulfill the Bankruptcy Act." E.g., Bostwick v. United States, 521 F.2d 741, 744 (8th Cir. 1975); In re Original Wild West Foods, Inc., 45 B.R. 202 (Bankr. W.D. Tex. 1984); Matter of A & B Heating & Air Conditioning, Inc., 48 B.R. 397 (Bankr. M.D. Fla. 1985); In re J.K. Printing Services, Inc., 49 B.R. 798 (Bankr. W.D. Va. 1985). Other courts, including one within the First Circuit, faced with the same issue have ruled that section 7421 (a) of The Internal Revenue Code does prohibit the bankruptcy court from enjoining the IRS from making assessments or collections as against non-debtor principals. Cambridge Machined Products Corp. v. United States, 58 B.R. 22 (D.Mass. 1985); In re Becker's Motor transportation, Inc., 632 F.2d 242, 246 (3d Cir. 1980); In re Pressimone, 39 B.R. 240 (N.D.N.Y. 1984). U.S. v. Huckabee Auto Co., 46 B.R. 741 (M.D. Ga. 1985); In re Original Wild West Foods, Inc., 45 B.R. 202 (Bankr. W.D. 1984). There appears to be only one decision

pertaining to the Act within the First Circuit.

This court agrees with those decisions that have concluded that the Act prohibits the bankruptcy court from enjoining the IRS from making assessments or collections as against non-debtor principals. The purpose of the Act is to protect "the government's need to asses and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference". Bob Jones University v. Simon, 416 U.S. 725, 736, 40 L. Ed. 2d 496, 94 S. Ct. 2038 (1974). The Internal Revenue Code imposes personal liability for unpaid taxes on corporate officers. 26 U.S.C. § § 6671, 6672. This liability is separate and distinct from that of the corporate employer. U.S. v. Rayson Sports, Inc., 44B.R. 280 (DC 1984). In fact, the IRS is not obligated to first attempt collection from the corporation before pursuing the responsible officers. Id. at 281. There are only two exceptions to the Act's proscription. The first applies where the plaintiff can demonstrate irreparable harm and a certainty of success on the merits. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 8 L. Ed. 2d 292, 82 S. Ct. 1125 (1962). The second applies where the plaintiff has no alternative means of challenging the tax. South Carolina v. Regan, 465 U.S. 367, 79 L. Ed. 372, 104 S. Ct. 1107 (1984). Neither exception applies where the validity of the assessment is not challenged. In re Pressimone, 39 B.R. 240, 244 (N.D.N.Y. 1984). Plaintiffs contend that none of the Principals have responsibility for the payment of the TFRP because tax payments were handled by their accounting firm and that none of the Principals were kept current on the status of the TFRP payments. Plaintiffs' allegations to challenge the validity of the assessment have no legal merit. The Principals seeking protection

must approve all of the Trust Fund payment obligations of the Debtors, thus, must have known that the Trust Fund payments were not being made. Therefore, since no meritorious allegations exist to challenge the validity of the assessment, the court finds the judicially created exceptions to the Act inapplicable here.

The general source of authority relied on by the debtor in support of its assertion of its exemption from the Act is 11 U.S.C. § 105 (a) which invests the bankruptcy court with broad injunctive powers. L. King, 2 Collier on Bankruptcy, para. 105.02 at 105-1, (15th ed. Supp. 1984). However, nothing in the general language or legislative history to § 105 (a) indicates that Congress intended it to supersede the proscription of the Anti-Injunction Act to protect third party non-debtors from tax collection proceedings. In re Pressimone, 39 B.R. 240, 245 (DC 1984).

A review of other applicable sections of the Bankruptcy Code supports the conclusion that Congress did not intend to shield non-debtors from collection of taxes. 11 U.S.C. Section 505 expressly provides that bankruptcy courts may "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax. 11 U.S.C. § 505 (a)(1) (1979). The legislative history to 11 U.S.C. § 505 reveals that Congress intended that bankruptcy courts determine the tax liability of a debtor. There is no authority for bankruptcy courts to determine the tax liability of the officers of a corporate debtor. In re Pierce Coal & Const., Inc., 49 B.R. 779, 780 (Bankr. N.D. Va. 1985). In addition, the automatic stay of section 362 (a) does not enjoin a creditor from collecting his claim from a co-obligor of a chapter 11 debtor. Only in a chapter 13 case is an action against a co-

obligor automatically stayed. 11 U.S.C. § 1301 (a) (1979). In contrast, section 524 which applies in chapter 11 cases, 11 U.S.C. § 103(a), specifically provides that the discharge of a debt of the debtor "does not affect the liability of any other entity on…such debt". 11 U.S.C. § 524 (e) (1979). Therefore, it is clear that Congress did not intend section 105 to create a broad exemption for principals of chapter 11 debtors to the Act by reason of their corporation's bankruptcy. In re Franklin Press, Inc., 46 B.R. 523, 522 (Bankr.S.D. Fla. 1985).

### III. Conclusion

WHEREFORE, IT IS ORDERED that since the court finds that the relief requested in the verified complaint is explicitly barred by the Act, the *United States' Motion to Dismiss* [Dkt. No. 14] filed by the United States Internal Revenue Service is GRANTED.

SO ORDERED

San Juan, Puerto Rico, this 7th day of June, 2017.

Brian K. Tester
U.S. Bankruptcy Judge